**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**VICTOR WARDELL WRIGHT,**

**Petitioner,**

**v.**                                                                          **Civil Action No. 1:10cv8**
                                                                                **(Judge Keeley)**

**KUMA J. DEBOO,**

**Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

### I.    Procedural History

On January 19, 2010, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant

to 28 U.S.C. § 2241.  The petitioner, an inmate at the Gilmer Federal Correctional Institution in

Glenville, West Virginia, challenges the validity of a sentence imposed in the United States District

Court for the District of Maryland. This matter is pending before the undersigned for an initial

review and Report and Recommendation pursuant to LR PL P 83.09.

### II.    Factual History

The petitioner was convicted by a jury in the United States District Court for the District of

Maryland of being a Felon in Possession of a Firearm.  See United States v. Wright, 8:06cr38-1

(D.Md. Feb. 19, 2008).  On October 16, 2006, he was sentenced to 235 months imprisonment, 5

years supervised release, and a $100 Special Assessment.  On October 5, 2007, the petitioner filed

a Rule 60(b) motion, which the sentencing court construed as a Motion to Vacate pursuant to 28

U.S.C. § 2255, and dismissed without prejudice on November 15, 2007.  The petitioner's conviction

and sentence were subsequently affirmed by the Fourth Circuit Court of Appeals on February 19,

2008.

On October 24, 2008, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The United States was directed to respond to the petition on October 30, 2008. After several extensions were granted, the United States filed its response on June 4, 2009. The petitioner filed his reply on June 24, 2009, and his motion is currently pending before the sentencing court.

The petitioner filed this § 2241 petition on January 19, 2010. In the petition, the petitioner asserts: (1) that there has been an inordinate delay in processing his § 2255 motion; (2) newly discovered evidence reveals that the state police proffered perjured testimony and submitted false evidence to obtain a wrongful conviction; (3) the Fourth Amendment exclusionary rule; (4) prosecutorial misconduct; and (5) actual innocence.

### III. Analysis

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

Grounds two through five of the petition clearly attack the validity of the petitioner's sentence and are appropriately addressed by the sentencing court under § 2255. See In re Jones, 226 F.3d 328 (4th Cir. 2000). However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a § 2241 petition if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Here, the petitioner merely asserts that there has been an inordinate delay in the processing of his § 2255 petition. That, however, is not

sufficient to show that § 2255 is inadequate or ineffective to challenge the legality of the petitioner's sentence. Moreover, to the extent that there has been any delay in the processing of the petitioner's § 2255 motion, that matter should be addressed by the sentencing court or the Fourth Circuit Court of Appeals. It is simply not within the province of this court to address that issue in a § 2241 action.

## IV.  Recommendation

For the reasons stated, the undersigned recommends that the petitioner's §2241 petition (dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 26, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

3