IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VICTOR WARDELL WRIGHT,**

    **Petitioner,**

**v.**     **CIVIL ACTION NO. 1:10CV8**
                    **(Judge Keeley)**

**KUMA J. DEBOO,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8) AND DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE**

On January 19, 2010, Victor Wardell Wright ("Wright") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging undue delay in the adjudication of his petition filed pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland. On January 26, 2010, United States Magistrate Judge John S. Kaull entered a Report and Recommendation ("R&R") in which he recommended that the Court dismiss Wright's claim with prejudice. On February 4, 2010, Wright filed timely objections to the R&R. Following a de novo review of Wright's objections, the Court concludes that Wright has not established inordinate delay. Furthermore, as his § 2255 petition has been heard and found lacking in merit by the district court in Maryland, Wright's § 2241 claim is moot. The Court, therefore, **ADOPTS** the R&R, and **DISMISSES** this case **WITH PREJUDICE**.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8)AND
DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE**

## I. PROCEDURAL BACKGROUND

On June 6, 2006, a jury convicted Wright of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 16, 2006, the district court in Maryland sentenced him to 235 months of imprisonment, followed by five years of supervised release.

Since that time, Wright has challenged his conviction through different procedural maneuvers. Initially, on October 5, 2007, he filed a motion pursuant to Federal Rule of Civil Procedure Rule 60(b), which the sentencing court construed as a motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed without prejudice on November 15, 2007. Wright's conviction and sentence subsequently were affirmed by the Fourth Circuit Court of Appeals on February 19, 2008.

On October 24, 2008, Wright again challenged his sentence, filing a motion to vacate pursuant to 28 U.S.C. § 2255 before the district court in Maryland. Although, on October 30, 2008, the district court directed the United States to respond to Wright's petition within sixty days, the United States sought several

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8)AND
DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE**

extensions of its time to respond, which the court granted.[1] While awaiting the United States' response, Wright filed other motions, including a motion for leave to conduct discovery on October 24, 2008, a motion for writ of mandamus on March 13, 2009, a motion to appoint counsel on March 23, 2009, a motion for summary judgment on April 27, 2009, and a motion to disqualify the judge on May 11, 2009.  The United States finally filed its response to Wright's motion to vacate on June 4, 2009, to which Wright replied on June 24, 2009.

While the district court's ruling on the motion to vacate was pending, Wright continued his motion practice, filing a motion to strike the United States's response on July 1, 2009, another writ of mandamus on July 30, 2009, and, finally, a motion for expedited consideration of his motion on December 14, 2009.  Dissatisfied with the speed with which the Maryland district court was handling his § 2255 petition, Wright filed a petition pursuant to 28 U.S.C. § 2241 in this Court on January 19, 2010.  This petition alleges

---

[1] The first request, dated December 19, 2008, cited diligent efforts by the Assistant United States Attorney ("AUSA"), but an inability to complete the response, due to the AUSA's scheduled leave.  The second request, dated February 17, 2009, cited diligent efforts by the AUSA, but an inability to complete the response by the deadline.  The third request, dated April 27, 2009, stated that the AUSA was unexpectedly out of the office during parts of March and April.  The final request, dated May 29, 2009, reported issues locating the file, including the trial transcripts, and requested a brief extension.

many of the same claims contained in his § 2255 petition, as well a violation of his due process rights based on inordinate delay in the adjudication of his § 2255 petition.

While Wright's § 2241 petition was pending before this Court, the district court in Maryland denied Wright's motion to vacate on May 26, 2010. Wright appealed this denial to the Fourth Circuit, which remanded the case for the limited purpose of granting or denying a certificate of appealability. The district court denied Wright's Certificate of Appealability on July 8, 2010.

## II. PETITIONER'S CLAIMS

Wright's §2241 petition asserts five grounds for relief: (1) that there has been an inordinate delay in the processing his § 2255 motion; (2) that newly discovered evidence establishes that the state police proffered false testimony and submitted false evidence to obtain a wrongful conviction; (3) that the search in the case violated the Fourth Amendment; (4) that the prosecutor knowingly engaged in misconduct resulting in his conviction; and (5) that he is innocent of the alleged crime.

## III. SCOPE OF 28 U.S.C. § 2241

Due to practical problems associated with 28 U.S.C. § 2241's requirement that prisoners must file their claims in the district

4

where they are confined, Congress enacted 28 U.S.C. § 2255, which channels petitions collaterally attacking the validity of a prisoner's sentence to the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Section 2255 is intended to provide a remedy identical in scope to federal habeas corpus. Id. Despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or imposition of a sentence, a petitioner may file a § 2241 petition if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

**IV. ANALYSIS**

Grounds two through five of Wright's petition attack the validity of his sentence and are appropriately addressed by a § 2255 petition directed to the court that sentenced him, a point Wright concedes in his response.[2] Thus, because Wright properly raised grounds two through five collaterally attacking his conviction in the § 2255 petition he filed in Maryland, these claims are subject to dismissal here.

---

[2] "Mr. Wright avers that all grounds raised in this habeas action, except his inordinate delay claim, are grounds collaterally attacking the legality of his imprisonment[.]" (Dkt. 10 at 9).

5

**WRIGHT V. DEBOO**                                                           **1:10CV8**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8)AND DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE**

Wright's remaining claim of inordinate delay in the processing of his § 2255 petition relies on the Fourth Circuit's recognition that an "undue delay in processing an appeal may rise to the level of a due process violation." United States v. Brown, 292 F. App'x. 250, 252 (4th Cir. 2008)(citing United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984)).  In Johnson, the Fourth Circuit adopted a four-factor test to determine whether a given delay amounts to a due process violation. These factors include (1)the length of delay, (2)the  reason for the delay, (3) the defendant's assertion of his speedy appeal right, and (4) any prejudice to the defendant from the delay. 732 F.2d at 381-82.

Wright suggests that the approximate fifteen month delay between the time he filed his § 2255 petition in Maryland and his § 2241 petition in this Court satisfies Johnson's first two factors.  Fourth Circuit case law does not justify this suggestion, however.  While Johnson held that a two-year delay "is in the range of magnitude of delay as a result of which courts have indicated that due process may have been denied,"  732 F.2d at 382, a period of ten months was insufficient to trigger Johnson's balancing test in Suggs v. United States, No. 5:09cv57, 2010 WL 2720716, at *2 (N.D.W. Va. July 8, 2010)(Stamp, J.)(unpublished).

6

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8) AND
DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE**

Petitioners must recognize the workload of the courts and the volume of time habeas petitions can consume. In point of fact, a study conducted by the Vanderbilt University School of Law in conjunction with the National Center for State Courts concluded that "non-capital [habeas] cases filed in 2003 or 2004 have averaged 11.5 months in federal court." Nancy J. King et al., Habeas Litigation in the U.S. District Courts 7 (2007)(unpublished U.S. Dep't of Justice Executive Summary: available at http://www.ncjrs.gov/pdffiles1/nij/grants/219558.pdf). The study further found that cases in which the government filed an answer "took about five times longer than cases in which no such pleading was filed," and cases in which the magistrate judge filed an R&R took longer than cases without such a report. Id. at 8.

This Court recognizes that the time between the filing of Wright's § 2255 petition and its resolution by the district court was one year and seven months. In light of the facts, however, this time frame fails to trigger the Johnson balancing test, although it does demonstrate why the Habeas Litigation study found that cases involving a government response correlate to longer resolution times. Between the additional time to respond sought by the government (the district court granted an extension of five

months), and the time required by the petitioner to file a reply, it is unsurprising that it took longer than one year for the district court to resolve the matter. It also should be noted that Wright's various motions were time consuming in their own right and each required the district court's careful consideration. Thus, when the district court's heavy caseload is considered together with the need to fairly evaluate Wright's numerous pleadings, no inordinate delay occurred and Wright's claim fails to satisfy the first two factors of the Johnson test.

Even if Wright were able to satisfy the first two factors of the Johnson test, his claim would still merit dismissal because, under Johnson, although a delay may have violated due process, where a court has since heard and found the appeal lacking in merit there is no sound reason to order the defendant's release. 732 F.2d at 382-3. Here, had Wright's due process rights been violated, which they were not, the fact that his § 2255 petition was heard by the district court in Maryland and ultimately found to be lacking in merit renders his claim is moot.

## V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. 8) and **DISMISSES** this case **WITH PREJUDICE**.

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 8) AND DISMISSING PETITIONER'S § 2241 PETITION WITH PREJUDICE

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to the respondent and the pro se petitioner via certified mail, return receipt requested.

DATED October 27, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE